Ex Parte Wilson Landers and E. C. Landers.

Nos. 12221 and 12222.  Delivered October 10, 1928.

The opinion states the case.

*J. W. Culp* of Temple, and *W. S. Shipp* of Belton, for appellant:

*A. A. Dawson* of Canton, State's Attorney, for the state.

MARTIN, JUDGE.—Charged with murder, relator sued out a writ of habeas corpus and upon a hearing on same by the District Court was denied bail and remanded to the custody of the Sheriff of Bell County, from which judgment he appeals to this Court.

The facts shown in the record are very meager.  It is sufficient to say that at best they only show an unexplained killing.  "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident."  Bill of Rights, Sec. 11, State Constitution.  Since the case of Ex parte Newman, 38 Tex. Crim. Rep. 164, this Court has uniformly held that on an application by habeas corpus for bail in a capital case, the burden of proof to establish the fact that the proof is evident is not upon relator but upon the State.  The rules governing cases of this character have been so frequently stated that any discussion here we feel would be profitless.  They will be found clearly stated in Ex parte Littleton, 88 Tex. Crim. Rep. 614.  We do not deem it expedient or necessary to discuss this case further than to say that in our opinion the State failed to discharge the burden which the law places upon it in cases of this character.

Bail is granted relator in the sum of $10,000.00.

Judgment reversed and relator granted bail as aforesaid.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.